UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JAVON ALEXANDRE,

     Plaintiff,

vs.

NOEL CHRISTMAS LIGHTS PROFESSIONAL INC.,
a Florida corporation

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAVON ALEXANDRE, sues Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., and states as follows:

1. Plaintiff, JAVON ALEXANDRE, is a former employee of Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., and brings this action for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq..

2. Plaintiff, JAVON ALEXANDRE, is a resident of Broward, Florida, and within the jurisdiction of this Honorable Court.

3. Defendant ,NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., is a corporation organized and existing under the laws of the State of Florida, doing business in Broward, Florida, and within the jurisdiction of this Court.

4. This action is brought to recover from Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., unpaid minimum and overtime wages, as well as an additional amount in liquidated damages, costs, and reasonable attorney's fees under the provisions of Title 29 U.S.C.

§201 et. seq., and specifically under the provisions of 29 U.S.C. §216(b).  Plaintiff has also brought state law claims for breach of contract and unjust enrichment.

5.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337, and by Title 29 U.S.C. § 216(b).

6.      Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., was, at all times pertinent to this Complaint, engaged in interstate commerce.  At all times pertinent to this Complaint, Defendant,  NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., owned and operated a holiday decoration and installation company utilizing products that have moved through interstate commerce.

7.      It is believed that the gross annual revenue of Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., was at all times material hereto in excess of $500,000 per annum.

8.      By reason of the foregoing, Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., was, during and all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

9.      During the time period of October 2024 through Deember 2024, Plaintiff, JAVON ALEXANDRE, was employed by the Defendant as an installer..  By reason of such employment Plaintiff, JAVON ALEXANDRE, was employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).  The work performed by Plaintiff was directly essential to the business activities in interstate commerce by Defendant NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., which was directly essential to the business performed by Defendant. Plaintiff, by virtue of his activities, was engaged in interstate commerce.

10.     At all times material hereto, Defendant failed to comply with the Act, in that Plaintiff performed services for the Defendant, but Plaintiff was not properly paid minimum wage for certain periods of time, nor overtime for hours worked in excess of forty (40) hours per week. Specifically, Plaintiff was supposed to be paid $750 per week, $18.75 per hour, regular rate. The scheduled work hours for Plaintiff varied but regularly exceeded 12 hours per day and sometimes up to seven (7) days per week. Thus, it is clear that he worked in excess of forty (40) hours per week. In addition, Defendant made improper deductions from Plaintiff's pay on at least one occasion which resulted in his not being paid minimum wage.

11.     The records, if any, concerning the number of hours actually worked by Plaintiff as well as the actual work week for purposes of determining the amount of overtime owed and the compensation actually paid to such employees are in the possession, custody, and control of Defendant although Plaintiff does have his own records of the hours worked.

**COUNT I**
**RECOVERY OF MINIMUM WAGES**

12.     Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 11 above, as if fully set forth herein.

13.     Plaintiff, JAVON ALEXANDRE, is entitled to be paid minimum wage for each hour worked during the work week.

14.     Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees by reason of the said intentional, willful and unlawful acts of Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC.

15.     Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC.'s, failure to pay

Plaintiff in accordance with the Act was not based on reasonable grounds and was not in good faith.

16.     As a result of Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., lack of good faith and reasonable grounds in disregarding the Act, Plaintiff is entitled to liquidated damages in an amount equal to unpaid wages.

WHEREFORE, for all work completed between October 2024 through December 2024, Plaintiff demands judgment against Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., for the wages owed to him for the hours worked by him for which he haves not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

**COUNT II**

**RECOVERY OF OVERTIME WAGES**

17.     Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 11 above, as if fully set forth herein.

18.     Plaintiff, JAVON ALEXANDRE, is entitled to be paid time and one-half per regular rate of pay for each hour worked in excess of forty (40) per work week.

19.     Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees by reason of the said intentional, willful and unlawful acts of Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC.

20.     Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC.' s, failure to pay Plaintiff in accordance with the Act was not based on reasonable grounds and was not in good faith.

21.     As a result of Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., lack of good faith and reasonable grounds in disregarding the Act, Plaintiff is entitled to liquidated

damages in an amount equal to his unpaid wages.

WHEREFORE, for all work completed October 2024 through December 2024, Plaintiff demands judgment against Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., for the overtime wages owed to him for the hours worked by him for which he haves not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

**COUNT III**

**<u>BREACH OF CONTRACT</u>**

22.     Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 11 above, as if fully set forth herein.

23.     Plaintiff, JAVON ALEXANDRE, is entitled to be paid the "gap time" wages that he worked and earned but did not receive.

24.     Plaintiff and Defendant verbally agreed that in exchange for Plaintiff expending time and effort on its behalf, he would be compensated at a rate of $18.75 for each hour that he worked for Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC.

25.     Plaintiff performed pursuant to the Parties contractual agreement by performing work for Defendant as stated. Defendant, however, failed and refused to perform their obligation to timely pay him at the rate of $18.75 for each hour that he worked for Defendant, thereby breaching the oral contractual agreement between the Parties.

26.     Plaintiff has been damaged as a result of Defendant's failure to pay him at the agreed upon hourly rate for the work he preformed in a timely manner.

WHEREFORE, for all work completed between October 2024 through December 2024,

Plaintiff demands judgment against Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., for the "gap time" wages owed to him for the hours worked by him for which he has not been properly compensated, reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT IV

## UNJUST ENRICHMENT

27.     Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 11 above, as if fully set forth herein.

28.     Plaintiff, JAVON ALEXANDRE, is entitled to be paid the "gap time" wages for each hour worked during the work week and/or the agreed upon $18.75 per hour.

29.     Plaintiff provided labor and services for Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC.,  and it receive and accepted the benefits of the labor and services provided from him.

30.     Plaintiff expected to be paid a reasonable value for the labor and services he provided to the Defendant.

31.     Defendant was unjustly enriched in that they failed and refused to make payment to the Plaintiff for the benefit he conferred upon it between  October 2024 through December 2024,

WHEREFORE, for all work completed between   October 2024 through December 2024, Plaintiff demands judgment against Defendant, NOEL CHRISTMAS LIGHTS PROFESSIONAL INC., for the "gap time" wages owed to him for the hours worked by him for which he has not been properly compensated, reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, JAVON ALEXANDRE, submits this demand for jury trial for all

issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

Dated February 3, 2025

Respectfully Submitted,

TERI GUTTMAN VALDES LLC
 Counsel for Plaintiff
1501 Venera Avenue
Suite 300
Miami, Florida 33146
Telephone: (305) 740-9600
E-mail: tgvaldes@aol.com

 /s/Teri Guttman Valdes
        Teri Guttman Valdes
        Florida Bar No. 0010741